UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMRA JASPER | : | CASE NO. 2:08-cv-1039 |
| Plaintiff, | : | JUDGE HOLSCHUH |
| | : | MAGISTRATE JUDGE ABEL |
| v. | : | |
| | : | **STIPULATED PROTECTIVE ORDER** |
| ORTHOPAEDIC FOOT AND ANKLE CENTER | : | |
| a/k/a Orthopaedic Foot and Ankle Center, Inc. | : | |
| a/k/a Ortholink Physicians Corporation | : | |
| Defendant. | : | |

This Protective Order regarding discovery of any form whatsoever that concerns the information listed below is entered pursuant to Federal Rule of Civil Procedure 26(c). The Court hereby orders that such discovery should be subject to the following terms and conditions:

1. Plaintiff's medical, income and financial records, and the information contained therein, shall be treated by Defendant as confidential and subject to this Protective Order. Defendant shall not show to, furnish to, or otherwise disclose to anyone other than the Court, Plaintiff, Defendant, their counsel of record, prospective witnesses, and persons directly assisting their counsel of record, Plaintiff's medical, income and financial records, and the information contained therein, produced to Defendant by Plaintiff or pursuant to authorization executed by Plaintiff. For purposes of this Protective Order, the phrase "persons directly assisting counsel of record" means other persons employed in the counsel of record's office and experts or outside consultants retained by counsel of record to assist in the preparation of their case.

2. All documents produced in response to Requests 6 and 7 of Plaintiff's First Request for Production of Documents and Things, and the information contained therein, shall be treated by Plaintiff as confidential and subject to this Protective Order. Plaintiff shall not show to, furnish to, or otherwise disclose to anyone other than the Court, Plaintiff, Defendant, their counsel of record, prospective witnesses and persons directly assisting their counsel of record, the documents described in the preceding sentence, and the information contained therein, produced to Plaintiff by Defendant.

3. All discovery taken pursuant to the Federal Rules of Civil Procedure in this action, including all depositions, production of documents in response to formal or informal requests for production of documents, answers to interrogatories, and responses to requests for admissions, as well as testimony adduced at any hearing or at trial and documents or things otherwise offered as or admitted into evidence in this Action (collectively, "Discovery Material"), which the disclosing party designates as "CONFIDENTIAL MATERIAL," shall be treated by the parties as confidential and subject to this Protective Order. The parties shall not show to, furnish to, or otherwise disclose to anyone other than the Court, Plaintiff, Defendant, their counsel of record, prospective witnesses and persons directly assisting their counsel of record, the documents described in the preceding sentence, and the information contained therein.

4. A party designating Discovery Material as CONFIDENTIAL MATERIAL shall designate as CONFIDENTIAL MATERIAL only that Discovery Material which that party in good faith believes contains trade secret or other confidential, competitive or proprietary business information, or which the party is otherwise required to keep confidential by agreement or law.

5. A party designating Discovery Material as CONFIDENTIAL MATERIAL shall designate, label or mark such material, including all documents and other things, with an appropriate legend, such as, but not limited to, "Confidential" or "Confidential Material Subject to Protective Order." A party may mark the original documents or copies that are produced and exchanged. A party that inadvertently fails to mark an item as CONFIDENTIAL MATERIAL at the time of production may later correct its failure, in writing and accompanied by substitute copies of each item, container or folder, bearing the appropriate confidentiality legend.

6. Counsel shall have thirty (30) days following the mailing of any deposition transcript to designate as CONFIDENTIAL MATERIAL those portions of the transcript regarded as such. All Counsel shall, within the same 30 day period, treat any deposition transcript as CONFIDENTIAL MATERIAL. If within the 30 day period counsel wishes to file the transcript of any deposition with the Court, counsel shall do so under seal in accordance with section 7 of this Order.

7. Unless agreed in writing otherwise, a party filing a pleading, motion, memoranda, brief or other documents that includes discovery provided pursuant to this Protective Order, and/or the data and information contained therein, must file a motion for leave to file the confidential information protected by the Protective Order under seal. **[This paragraph modified by Magistrate Judge Abel.]**

8. Any and all copies of discovery provided pursuant to this Protective Order and/or the data and information contained therein, shall be returned to the producing counsel of record upon the completion of this case.

9. The discovery provided pursuant to this Protective Order and/or the data and information contained therein shall not be used by the parties or their counsel for any purpose other than preparation and presentation of their cases and shall not be used in any lawsuit, claim, or cause of action other than this case.

10. Any prospective witness or person directly assisting counsel of record to whom the discovery is provided pursuant to this Protective Order and/or the information contained therein, shall be shown a copy of this Protective Order and shall be subject to its terms. He or she shall also acknowledge his or her understanding of the Order by signing a copy of the same in counsel's possession.

11. The parties acknowledge and understand that the Court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration. The parties further agree that they may apply to the Court for modification of the Order.

12. This Protective Order shall not prevent either party from presenting evidence, including any evidence covered by this Protective Order, at trial.

SO ORDERED,

Date: September 16, 2009   Mark R. Abel
United States Magistrate Judge

SO STIPULATED:

Dated: August 12, 2009

| | |
|---|---|
| /s/ Martin McHenry | /s/ Thomas M.L. Metzger |
| Martin McHenry, Esq. (0022543) | Thomas M.L. Metzger, Esq., Trial Attorney (0059694) |
| HAVERKAMP REBOLD & RIEHL CO. | Melanie A. Houghton, Esq. (0082760) |
| 5856 Glenway Avenue | LITTLER MENDELSON, P.C. |
| Cincinnati, OH 45238-2079 | Fifth Third Center |
| (513) 922-3200 | 21 East State Street, Suite 1600 |
| | Columbus, OH 43215-4228 |
| Trial Attorney for Plaintiff | (614) 463-4201 |
| | Attorneys for Defendant |